IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| MITCHELL MOORE, JR., | ) | |
| Register No. 519368, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-4164-CV-C-SOW |
| | ) | |
| E. CONLEY, D.O., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT, RECOMMENDATION AND ORDER

On October 30, 2006, defendant Melody Griffin filed a motion to dismiss the claims against her on the basis that Moore has failed to state a constitutional deprivation. Plaintiff Moore responded in opposition to the motion and defendant replied. Plaintiff asserts in his complaint that he needs eye surgery to correct an inverted tarsal lid and that defendant could have considered his complaints in an effort to obtain surgery for him. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

It is well settled that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When applying this standard, the court accepts as true the factual allegations in the complaint and views them in the light most favorable to the plaintiff. Hishon v. King and Spalding, 467 U.S. 69, 73 (1984); Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993).

Here, plaintiff claims defendant Griffin, who worked as a medical contract monitor, was deliberately indifferent to his serious medical needs. He states in his complaint that she responded to a letter he wrote, she acknowledged awareness of his eye condition, but agreed with a "less efficacious" treatment plan. (Doc. 1.) Plaintiff asserts his eye was uncomfortable and subject to infection, and Griffin refused to acknowledge the seriousness of his medical

needs. Plaintiff admits he was seen by an optometrist and was given ointments and baby shampoo in response to his needs.

To succeed on his Eighth Amendment medical claims, plaintiff must allege and prove, by a preponderance of the evidence, a "deliberate indifference to a serious medical need." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Prison officials may not be held liable under 42 U.S.C. § 1983 for mere negligence in the treatment of an inmate. Id. The standard for "deliberate indifference" includes an objective and a subjective component. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)). Thus, to prevail on his claims, plaintiff must show 1) that the medical deprivation was objectively sufficiently serious; and 2) that prison officials subjectively knew about the deprivation and refused to remedy it. A serious medical need is defined as "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995) (quoting Johnson v. Busby, 953 F.2d 349, 351 (8th Cir. 1991)); see also Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997) (citing Camberos v. Branstad, 73 F.3d at 176). When an inmate alleges a delay in medical treatment constituted a constitutional deprivation, the objective seriousness of the deprivation is also measured by reference to the effect of the delay in treatment. Coleman v. Rahija, 114 F.3d at 784 (citing Crowley v. Hedgepeth, 109 F.3d 500, 502 (8th Cir. 1997)); see also Beyerbach v. Sears, 49 F.3d at 1326. An inmate who complains that the delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed. Beyerbach v. Sears, 49 F.3d at 1326 (quoting Hill v. Dekalb Regional Youth Detention Ctr., 40 F.3d 1176, 1188 (11th Cir. 1994)).

A mere difference of opinion between plaintiff and his treating physician about what treatment is appropriate does not give rise to a colorable claim under section 1983. Warren v. Fanning, 950 F.2d 1370, 1373 (8th Cir. 1991); Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990); Courtney v. Adams, 528 F.2d 1056 (8th Cir. 1976). Likewise, disagreement with a diagnosis or course of medical treatment is insufficient to state a claim. Davis v. Hall, 992 F.2d 151, 153 (8th Cir. 1993). Nothing in the Eighth Amendment prevents doctors from exercising independent medical judgment. Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996).

2

Here, plaintiff disagreed with his treating physician about the course of his medical treatment. He filed a grievance or otherwise notified the appropriate personnel that he did not feel he was getting proper treatment. During the process, defendant Griffin received a letter from plaintiff and responded to it. As the Medical Contract Monitor, she was in a supervisory position, but does not appear to be a care-giver or treater. The letter submitted by plaintiff indicates defendant was a registered nurse. Her response indicates Moore was seen by the optometrist that day and that his notes indicate the surgery plaintiff wanted was cosmetic rather than medically necessary "in the absence of discomfort or pathology findings." (Doc. 25, Exh.)

Defendant Griffin cannot be held liable on the basis of her supervisory responsibilities. A supervisor cannot be held liable under section 1983 for an employee's unconstitutional actions. Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995); Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993); Givens v. Jones, 900 F.2d 1229, 1233 (8th Cir. 1990). Instead, a supervisor can be held liable only for personal involvement in a constitutional violation, or when his or her corrective inaction amounts to deliberate indifference or tacit authorization of the violation. Boyd, 47 F.3d at 968; Fruit v. Norris, 905 F.2d 1147, 1151 (8th Cir. 1990).

Giving plaintiff's assertion of the facts the benefit of the doubt, plaintiff has still failed to state a claim that defendant Griffin was deliberately indifferent to his serious medical needs. Plaintiff submitted a letter indicating Griffin reviewed his medical records, noted his recent examination by an optometrist and responded to his request for additional or different treatment. That she deferred to the opinion of his treating doctor and did not agree with plaintiff does not constitute a refusal to provide treatment or to ignore plaintiff's condition. Under these conditions, defendant's motion to dismiss will be recommended granted.

On November 3, 2006, plaintiff filed a motion to compel responsive pleadings. A review of the record indicates that all of the named defendants have entered an appearance and filed an answer, a motion to dismiss and/or a motion for summary judgment. Accordingly, plaintiff's motion to compel is moot.

On November 27 and December 26, 2006, plaintiff renewed his request for appointment of counsel. Plaintiff noted that he lacks a high school education, has limited access to the law library and legal materials, would need assistance at trial, and is confused by the discovery process. After carefully considering the record, the court does not believe appointment of

counsel is required at this time. If plaintiff's claims survive the motion for summary judgment, the court will reconsider plaintiff's request for counsel.

IT IS, THEREFORE, ORDERED that plaintiff's motions of November 27 and December 26, 2006, for appointment of counsel are denied, without prejudice to reconsideration at a later date in the proceedings. [28, 39] It is further

ORDERED that plaintiff's motion of November 3, 2006, to compel responsive pleadings is denied as moot. [21] It is further

ORDERED that plaintiff is granted leave to file the amended and supplemental affidavit attached to his motion filed on November 30, 2006. [32] It is further

RECOMMENDED that defendant Griffin's motion of October 30, 2006, to dismiss the claims against her for failure to state a claim be granted. [14]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 18th day of January, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge