IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

MITCHELL MOORE, JR., Reg. No. 519368, )
                                                                                                               )
                Plaintiff, )
                                                   )
          v. ) No. 06-4164-CV-C-SOW
                                                   )
E. CONLEY, D.O., et al., )
                                                   )
                Defendants. )

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Mitchell Moore, Jr., an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Defendants have filed motions for summary judgment. Plaintiff has filed suggestions in opposition.

In support of his claims for relief, plaintiff states he has been denied medical treatment for his eye to repair an inverted tarsal plate (lower eyelid) and denied an eye prosthesis. Plaintiff states his left eye was removed prior to his incarceration, and that since his incarceration, Correctional Medical Service defendants have denied him surgery to repair his eyelid, which plaintiff states would prevent future infections, and have denied him an eye prosthesis.

Defendants argue, in support of summary judgment, that the treatment sought by plaintiff is cosmetic and not medically required, and therefore, plaintiff's complaint fails to state a claim of deliberate indifference in violation of the Eighth Amendment. Defendants Conley, Cofield, Hardman and Jergenson also argue that plaintiff's claims against them are based only on their supervisory positions and fail to allege personal involvement; therefore, plaintiff fails to state a claim against them under 42 U.S.C. § 1983.

**Summary Judgment Standard**

Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment. Fed. R. Civ. P. 56(c).

**Facts**

On approximately January 17, 2003, prior to his incarceration, plaintiff's left eye was surgically removed due to trauma.[1] As a result of the surgery, plaintiff's left eyelid became inverted, despite medical attempts to correct the problem. Plaintiff states that another surgery was going to be scheduled; however, due to his incarceration, the surgery was never performed.

---

[1] Plaintiff has not submitted medical records to support his claims regarding medical treatment prior to incarceration; however, the court has treated his complaint as a signed affidavit, and thus, may rely on statements made in plaintiff's complaint for purposes of considering summary judgment.

2

Plaintiff advises that on several occasions prior to incarceration, his eye became infected and he was prescribed eye ointment and drops.

Upon his incarceration, plaintiff states he made medical personnel aware of his eye problem, and was treated for eye infections at the several institutions in which he was incarcerated. Plaintiff also states that during such early months, medical personnel advised him he was approved for eye surgery.[2] Specifically, plaintiff states that on April 18, 2003, he had swelling and dried yellow drainage around his left eyelids, which he states was an infection, for which nondefendant Dr. Fields prescribed him gentamicin ointment for infection purposes. Plaintiff states that on April 24, 2003, his prescription for gentamicin was renewed. Plaintiff further states that on approximately June 12, 2003, his medical records reflect notations by nondefendant Dr. James R. Perry indicating that plaintiff was going to be referred out to Capital Eye for an evaluation and fitting for an eye prosthetic, and that RX genta ointment and an eye patch were prescribed. Plaintiff states that on approximately March 19, 2004, it had been determined by nondefendant Dr. David O. Albert that because plaintiff's lower eyelid had an inverted tarsal plate, plaintiff would need such condition surgically corrected before he could get a prosthetic eye.

On July 19, 2005, plaintiff was seen by Dr. Edward Lauer, a doctor of optometry, who advised plaintiff that the surgery for correction of his inverted tarsal plate had been cancelled because it was considered cosmetic. Plaintiff advises he filed an internal resolution request (IRR), a grievance, and a grievance appeal, requesting eye surgery, but was denied. Plaintiff states that in his grievance response from defendant G. Jorgenson, Regional Manager, dated January 10, 2006, and approved by defendant Dr. Hardman, defendants continued to deny him surgery based on statements that the surgery and prosthetic eye were cosmetic only.

During the years 2005 and 2006, plaintiff was seen by Dr. Lauer on approximately six separate occasions for eye socket complaints. During this time, plaintiff was prescribed a daily

---

[2]In support of plaintiff's statements regarding treatment for his eye in 2003 and 2004 by nondefendant doctors, plaintiff cites to his medical records; however, plaintiff fails to submit a copy of such records to the court. The court notes, however, that defendants Lauer, Conley, Cofield, Hardman and Jorgenson, in their reply, admit that plaintiff received medical care for his eye on the 2003 and 2004 dates specified by plaintiff.

3

eye wash, twice daily ointment to clean and lubricate his lashes, and a new eye patch.  As needed, ingrown eyelashes were also removed to prevent any sensation of a foreign body in the socket.  Plaintiff was issued new eyeglasses on July 7, 2006.

## Eighth Amendment

To make out an Eighth Amendment violation arising from inadequate medical attention, plaintiff must allege and prove, by a preponderance of the evidence, a "deliberate indifference to a serious medical need."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Prison officials may not be held liable under 42 U.S.C. § 1983 for mere negligence in the treatment of an inmate.  Id. The standard for "deliberate indifference" includes an objective and a subjective component. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)).  Thus, to prevail on his claims, plaintiff must show that the medical deprivation was objectively sufficiently serious and that prison officials subjectively knew about the deprivation and refused to remedy it.  A serious medical need is defined as "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention."  Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995) (quoting Johnson v. Busby, 953 F.2d 349, 351 (8th Cir. 1991)).

A mere difference of opinion between plaintiff and his treating physician about what treatment is appropriate does not give rise to a colorable claim under section 1983.  Warren v. Fanning, 950 F.2d 1370, 1373 (8th Cir. 1991); Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990); Courtney v. Adams, 528 F.2d 1056 (8th Cir. 1976).  Likewise, disagreement with a diagnosis or course of medical treatment is insufficient to state a claim.  Davis v. Hall, 992 F.2d 151, 153 (8th Cir. 1993).

## Discussion

In the instant case, although plaintiff asserts that defendants have been deliberately indifferent to his medical needs because they continue to refuse him surgery for his eye, plaintiff has come forward with no evidence that his inverted tarsal plate is a serious medical condition which has been diagnosed by a physician as requiring such surgery or is one so obvious that even a layperson would easily recognize the necessity for the surgery.  Although plaintiff asserts that the medical records indicate he requires correction of his inverted tarsal plate in order for him to be referred for an eye prosthesis, there is no evidence that the surgery or an eye prosthesis

4

is medically required. The affidavit submitted by plaintiff's treating optometrist, Dr. Lauer, specifically provides that with a reasonable degree of optometric certainty, surgery to place a prosthetic eye in plaintiff's left eye socket is not medically necessary and would not prevent the potential ingrowths of plaintiff's eyelashes, for which plaintiff has been treated.

Plaintiff's assertion that the surgery is medically required to prevent future infections is also not supported by the evidence. Although the evidence shows plaintiff has had infections previously, there is no evidence that the surgery he states he needs would prevent future infections of his eye. Dr. Lauer's affidavit specifically provides that to a reasonable degree of optometric certainty, plaintiff has had no signs or symptoms of infection of the left eye socket during any of Dr. Lauer's examinations of plaintiff. The fact that plaintiff states he was treated for infections in 2003 and 2004, during which time he was considered for referral for a prosthetic eye, does not establish that the surgery to repair his inverted tarsal plate or a prosthetic eye is medically necessary to prevent such infection. Previous infections and referral for a prosthetic eye are not contrary to Dr. Lauer's diagnosis that surgery and a prosthetic eye would only be for cosmetic reasons and are not medically required.

Plaintiff has provided no evidence that during the time Dr. Lauer treated him in 2005 and 2006, plaintiff had an objectively serious medical need that Dr. Lauer, with deliberate indifference, refused to remedy. Plaintiff's previous problems with his eye in 2003 and 2004, and previous referrals, do not establish medical necessity or entitle plaintiff to medical treatment which he simply desires. Dr. Lauer does not have a constitutional duty to continue the same treatment plan prescribed a different doctor. See Vaughan v. Lacey, 49 F.3d 1344, 1346 (8th Cir. 1995). Nothing in the Eighth Amendment prevents doctors from exercising independent medical judgment. Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996). Prisoners do not have a constitutional right to a particular type or treatment, and thus, a refusal by defendants to implement the treatment plan desired by plaintiff does not violate the Eighth Amendment. Id.

The undisputed evidence is that plaintiff was seen by defendant Dr. Lauer on approximately six separate occasions in the years of 2005 and 2006, and that Dr. Lauer has determined the surgery and a prosthetic eye to be cosmetic and not medically required. Plaintiff has failed to come forward with any evidence to support claims that such surgery and/or a prosthetic eye are serious medical problems which require treatment other than that provided. In

5

the face of medical records indicating that treatment was provided and physician affidavits indicating the care provided was adequate, an inmate cannot create a question of fact by merely stating he does not feel he received adequate treatment. Delay v. Canaan, 132 F.3d 1234, 1240 (8th Cir. 1997). Plaintiff's disagreement with the medical care being provided by defendants is insufficient to state a constitutional claim. See Davis, 992 F.2d at 153.

Therefore, because plaintiff has come forward with no dispute of material fact, defendants are entitled to judgment as a matter of law, and defendants' motion for summary judgment should be granted. Because plaintiff's claims against defendants Conley, Cofield, Hardman, and Jergenson are based on the same denial of medical treatment alleged against defendant Lauer, they are also entitled to judgment as a matter of law. Additional basis for grant of summary judgment raised by defendants are not be addressed, in light of this court's opinion as set forth above.

Defendant Griffin's motion for summary judgment is moot in light of the order of April 9, 2007, granting Griffin's motion to dismiss.

IT IS, THEREFORE, ORDERED that defendant Griffin's motion for summary judgment is moot. [34] It is further

RECOMMENDED that the motion of defendants Lauer, Conley, Cofield, Hardman, and Jergenson for summary judgment be granted and plaintiff's claims be dismissed. [16]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 31st day of May, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

7